STATE

v.

Cheryl E. SCOTT.

No. 92–78–C.A.

Supreme Court of Rhode Island.

Dec. 15, 1992.

James E. O'Neil, Atty. Gen., John E. Farley, and Jeffrey Greer, Asst. Attys. Gen., for plaintiff.

Neil Philbin, Kirshenbaum & Kirshenbaum, Cranston, for defendant.

OPINION

SHEA, Justice.

This matter presents certified questions from the Superior Court pertaining to the validity of penalty provisions of G.L.1956 (1989 Reenactment) § 23–17.8–10 of the Abuse in Health Care Facilities Act, so called. The defendant, Cheryl E. Scott, was charged with violations of that act.

The questions propounded are:

"(a) Should the provisions of the R.I. Gen. Laws 1956, § 23–17.8–10, as amended by P.L.1989, Chap. 504, § 1 be read as providing no penalties for the offense of patient mistreatment or patient neglect as those terms are defined by R.I. Gen. Laws § 23–17.8–1(b) & (c)?

"(b) Are the amendments enacted by P.L.1991, Chapters 235, 248 and 318 mutually irreconcilable and therefore of no effect, as each of them purports to be effective on the same date?

"(c) If the provisions of P.L.1991, Chapters 235, 248 and 318 are ineffective, should the provisions of R.I. Gen. Laws § 23–17.8–10 revert to the language as enacted by P.L.1989, Chap. 504, § 1?"

The parties agreed to the following statement of facts:

"(a) That on June 30, 1987, P.L.1987, Chap. 409, § 1 was enacted and was effective creating the Abuse in Health Care Facilities Act.

"(b) That on June 2, 1988, P.L.1988, Chap. 211, § 1 was enacted and was effective, reflecting amendments to R.I. Gen. Laws 1956, § 23–17.8–1 et seq.

"(c) That on July 10, 1989, P.L.1989, Chap. 504, § 1 was enacted, reflecting amendments to R.I. Gen. Laws 1956, § 23–17.8–1 et seq.

"(d) That on July 10, 1989, a four (4) count information was filed against the Defendant, alleging that she committed the offenses of patient neglect under R.I. Gen. Laws 1956, as amended, § 23–17.8–1(c), against four residents of a long term residential care facility, the offenses occurring in 1989 on February 14, 1989, April 7, 1989, September 9, 1989, and September 28, 1989, respectively.

"(e) That on June 11, 1991, P.L.1991, Chapters 235, 248 and 318 were passed by the General Assembly.

"(f) That on June 12, 1991, P.L.1991, Chapters 235, 248 and 318 were transmitted by the General Assembly to the Governor.

"(g) That on June 17, 1991, P.L.1991, Chapters 235, 248 and 318 were signed by the Governor.

"(h) That each of the aforementioned 1991 acts specified that they would become [effective] upon passage."

On February 13, 1992, bill No. 92–H 8860 was introduced, which amended among others §§ 23–17.8–1 and 23–17.8–10 of the

Abuse in Health Care Facilities Act. This bill repealed P.L.1991, chs. 235 and 318. It was approved by the Governor on July 21, 1992, and became effective upon passage. Neither the state nor defendant addressed this enactment in either brief, but it is obvious that these amendments were intended to correct the problems created by the prior amendments.

After having examined the briefs submitted by the parties and after hearing their counsel in oral argument, the court is of the opinion that prior to the amendments contained in P.L.1992, ch. 423, codified at § 23–17.8–1 and § 23–17.8–10, which became effective on July 21, 1992, the conflicting amendments to the act rendered the statute virtually incomprehensible so as to render it an inappropriate basis for criminal prosecution.

For these reasons we decline to answer the certified questions propounded. The papers of the case are remanded to the Superior Court with directions that the information against the defendant that gave rise to these proceedings is to be dismissed.